440 P.2d 881 (1968)
21 Utah 2d 86
In the Matter of the ESTATE of Catharine ARMSTRONG, also known as Catharine E. Armstrong, and as Catharine Mayo, and being one and the same person, Deceased.
Leroy MAYO, Plaintiff and Appellant,
v.
C. Henry K. LOGAN, Executor, Defendant and Respondent.
No. 11090.
Supreme Court of Utah.
May 2, 1968.
*882 W.C. Lamoreaux, of Lamoreaux & Gibson, Salt Lake City, for appellant.
S.J. Sweetring, Price, for respondent.
TUCKETT, Justice:
Catharine Armstrong, a widow without issue, executed a will on June 18, 1965. She married Leroy Mayo on January 29, 1967, and died on July 24, 1967. C. Henry K. Logan, the executor named in the will, petitioned the court below to admit the will to probate. Leroy Mayo, surviving husband of the deceased, objected to the admission of the will to probate and from an adverse order has appealed to this court.
Mayo here contends that the will of his deceased wife was revoked. He bases his claim upon three separate grounds. (1) Mayo claims that the rule of the common law that the will of a woman was revoked by her subsequent marriage is still the law in this state; (2) that under the Utah Constitution and statutes the will of a feme sole is revoked by her marriage; and (3) the appearance of a new heir revokes pro tanto a prior existing will.
In respect to Mayo's first claim our attention is invited to Sec. 68-3-1, U.C.A. 1953, which provides in part as follows:
[T]he common law of England so far as it is not repugnant to, or in conflict with, the Constitution or laws of the United States, or the constitution or laws of this state, * * * is hereby adopted, and shall be the rule of decision in all courts of this state.
It would seem that the basis for the rule at common law that the marriage of a woman revoked a prior will was that during coverture she lacked the power to make a will. A woman during her marriage being unable to make a will was unable to revoke a will made prior to marriage. That rule has been removed by the statutes of this state which now permit a woman to devise and dispose of her property without restriction even though married. It would seem to us that the statute above quoted would have no application to the problem before us.
As to Mayo's second claim he cites Article IV, Section 1 of the Utah Constitution which provides:
The rights of citizens of the State of Utah to vote and hold office shall not be denied or abridged on account of sex. Both male and female citizens of this state shall enjoy equally all civil, political and religious rights and privileges.
and urges that the will of his deceased wife was revoked by her marriage pursuant to the provisions of Sec. 74-1-25, U.C.A. 1953, which reads as follows:
If after making a will the testator marries and the wife survives him, the will is conclusively presumed to be revoked, unless provision has been made for her either by marriage contract, or by some written settlement showing on its face the testator's intention to substitute such contract or settlement for a provision in her favor in his will, or unless she is provided for in the will or in such way mentioned therein as to show an intention not to make such provision; and no evidence of other facts to rebut the presumption of revocation can be received.
Mayo concludes that by applying the rules of statutory construction as set forth in Section 68-3-12, U.C.A. 1953, which provides in part as follows: "Words used in one gender comprehend the other," compel the construction that the above statute concerning the revocation of a will executed by a man applies to one executed by a *883 woman. It would appear that our statute pertaining to the revocation of wills by marriage was taken from the laws of California.[1] An examination of the California statutes indicates that from time to time the legislature of that state has amended the statute and presently the word "spouse" is used which would encompass both husband and wife. At one time the California code had a separate section which provided that a will executed by an unmarried woman was revoked by her subsequent marriage.[2] Our statute which provides that a testator's will is affected by his subsequent marriage does not provide in fact that the marriage revokes the will. It does provide that the will is conclusively presumed to be revoked unless the wife is provided for by a marriage contract, settlement, a provision in her favor in the will or that the wording of the will shows an intention not to make a provision for the wife. It would seem to us that the legislature in using the language it selected in the above mentioned statute undoubtedly had in mind the duty of the husband to support the wife. Had the legislature intended to make the terms of the statutes apply to both men and women it undoubtedly would have used other words to accomplish that purpose. The wording of the statute is clear and it does not appear that it was intended to effect a revocation of a woman's will by her subsequent marriage.
Finally, Mayo asked the court to declare the will of his former wife revoked by reason of the fact that upon marriage a new heir appeared upon the scene, namely, the husband, who, under the laws of this state, is an heir of his wife. Mayo points out that at common law the appearance of a new heir was such a change of circumstances that a pre-existing will was revoked as a matter of law. This was true in respect to the will of a man but in the case of a woman the marriage itself was sufficient to revoke her prior will.[3]
Article XXII, Section 2, of the Utah Constitution provides: That the real and personal estate of every female, acquired before marriage, and all property thereafter acquired shall be and remain the estate and property of such female, and may be conveyed, devised or bequeathed by her as if she were unmarried. This provision gives to a woman such rights over her disposable property as would not be affected by her marriage or by the appearance of a new heir.
We are of the opinion that the decision of the court below was correct, and the same is affirmed. Costs to the respondent.
CROCKETT, C.J., and HENRIOD, CALLISTER and ELLETT, JJ., concur.
NOTES
[1] Sec. 2754, R.S. of Utah 1898.
[2] Calif.Civil Code, § 1299, Deerings Anno. Code, now § 70 of Calif.Probate Code.
[3] 92 A.L.R. Anno.  Marriage as Revoking Will, p. 1010; see also Bowe-Parker Revision Page on Wills, § 2198.